JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ADRIANA KATERINE REYES-ARCON,

Plaintiff,

v.

COOKUNITY, INC. et al.,

Defendants.

Case No. 2:26-cv-08437-SB-MBK

ORDER REMANDING CASE

Defendant CookUnity, Inc. removed this case based on diversity jurisdiction, relying on the fact that Plaintiff and CookUnity are citizens of different states. CookUnity does not dispute that Defendant Andrew Gutierrez is nondiverse, but it invoked "snap removal" to assert that his citizenship can be ignored because he has not yet been joined and served. The Court issued an order to show cause why the case should not be remanded for lack of subject-matter jurisdiction. Dkt. No. 14.

In its response (Dkt. No. 16), CookUnity continues to rely on a misunderstanding of the doctrine of snap removal, which some courts have recognized as an exception to the forum-defendant rule. *See Mellon v. Sierra Donor Servs.*, No. 2:25-CV-01998, 2025 WL 3002042, at *2 (E.D. Cal. Oct. 24, 2025) (denying remand where all parties were diverse and forum defendant had not been properly served at time of removal). As this Court has repeatedly explained, snap removal does not alter the requirement that all defendants, both served and unserved, must be completely diverse from all plaintiffs. *E.g.*, *Stone v. CVS Pharmacy. Inc.*, No. 2:26-CV-05222-SB, 2026 WL 1999590, at *4 n.3 (C.D. Cal. July 8, 2026) (explaining that 28 U.S.C. § 1441(b)(2) "presupposes complete diversity; it does not eliminate the need for it"); *see also Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) ("Whenever federal jurisdiction in a

removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."); *M & B Oil, Inc. v. Federated Mut. Ins. Co.*, 66 F.4th 1106, 1109 (8th Cir. 2023) (holding that snap removal cannot cure the absence of complete diversity); *Guerrero v. SFS Beauty CA LLC*, No. 25-CV-1133, 2025 WL 2460193, at *3 (S.D. Cal. Aug. 26, 2025) ("[N]umerous cases within our circuit have held that snap jurisdiction cannot be used to evade diversity jurisdiction. Whether a defendant has been served or not is not considered in evaluating whether complete diversity exists.") (collecting cases). The cases on which CookUnity relies are, for the most part, fully consistent with this consensus.[1] *See, e.g.*, *Country Cas. Ins. Co. v. Hyundai Motor Am.*, No. 8:24-CV-02428-SB, 2025 WL 242194 (C.D. Cal. Jan. 16, 2025) (denying motion to remand where it was undisputed that the parties were diverse).

Accordingly, because the propriety of snap removal is irrelevant to whether diversity is complete and CookUnity has not shown that Gutierrez is diverse, this action is remanded to the Los Angeles County Superior Court for lack of subject-matter jurisdiction.

Date: August 11, 2026

Stanley Blumenfeld, Jr.
United States District Judge

---

[1] Plaintiff cites one district court decision stating that "'Snap removal' refers to a properly served defendant's removal of a multi-defendant case to federal court prior to a plaintiff's service of a non-diverse defendant." *Urquidez v. Hyatt Corp.*, No. 3:24-CV-01975, 2025 WL 89725, at *1 (S.D. Cal. Jan. 14, 2025). *Urquidez* cites no authority for this definition, and the two cases it cites to show that snap removal is controversial make clear that the term refers to removal before a *forum* defendant has been served, not before a *nondiverse* defendant has been served. *See Casola v. Dexcom, Inc.*, 98 F.4th 947, 964 (9th Cir. 2024) (noting "snap removal argument that *pre-service* removals by a forum defendant are permissible"); *Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014) (noting that "the district court held that this case was removable at the time of removal because the forum defendant . . . had not yet been served"). In any event, *Urquidez* does not address the numerous authorities cited above explaining that service is irrelevant to the existence of diversity.